```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

LARAMIE JOHN MAYES,
                                              Civil No. 07-46-ST
        Petitioner,

    v.

JEAN HILL,
                                              FINDINGS AND RECOMMENDATION
        Respondent.

        Ryan Edward Scott
        Law Office of Ryan Scott
        One World Trade Center
        121 SW Salmon Street, Suite 1100
        Portland, Oregon 97204

             Attorney for Petitioner

        Hardy Myers
        Attorney General
        Jacqueline Sadker
        Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97310

             Attorneys for Respondent
```

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the legality of 26 convictions entered against him in state court. For the reasons which follow, the Amended Petition for Writ of Habeas Corpus (docket #25) should be denied, and a judgment should be entered dismissing this case with prejudice.

## BACKGROUND

On October 30, 2003, petitioner was indicted in Washington County on 29 counts of criminal behavior. Respondent's Exhibit 108. In a separate criminal action brought against him the following year, petitioner waived indictment in Washington County as to one additional count of criminal conduct. Respondent's Exhibit 109. In exchange for petitioner's guilty plea as to 26 of the 30 counts, the State agreed to dismiss the remaining charges, and further agreed not to request more than 130 months total imprisonment. Respondent's Exhibit 112. The trial court accepted petitioner's pleas of guilty and followed the State's sentencing recommendation which resulted in a combination of consecutive and concurrent sentences totaling 130 months. Respondent's Exhibit 101.

Petitioner did not file a direct appeal, but proceeded to seek post-conviction relief ("PCR") in Malheur County which was denied on all claims. Respondent's Exhibit 129. The Oregon Court of

Appeals affirmed the PCR trial court without issuing a written opinion, and the Oregon Supreme Court denied review. *Mayes v. Hill*, 206 Or.App. 591, 138 P.3d 935, *rev. denied*, 341 Or. 366, 143 P.3d 239 (2006).

Petitioner filed his Amended Petition for Writ of Habeas Corpus on February 8, 2008, alleging that trial counsel performed ineffectively by failing to properly object to the trial court's decision to run some of his sentences consecutively. Respondent asks the court to deny relief on this claim because it: (1) was not fairly presented to Oregon's state courts and is now procedurally defaulted; and (2) is without merit.

## **FINDINGS**

Petitioner contends that counsel should have objected to the imposition of his consecutive sentences because the factual predicates necessary to justify them were neither admitted nor proven to a jury beyond a reasonable doubt. According to respondent, petitioner failed to fairly present this claim to Oregon's state courts for consideration.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to

3 - FINDINGS AND RECOMMENDATION

the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-16 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and, therefore, are not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In his PCR Petition, petitioner alleged that his trial counsel was constitutionally ineffective by allowing the trial court to sentence him to consecutive, rather than concurrent, sentences.

4 - FINDINGS AND RECOMMENDATION

Respondent's Exhibit 104, pp. 3, 9. His Trial Memorandum identified the basis for this claim as counsel's failure to argue the application of ORS 137.123 which governs the imposition of consecutive sentences. Petitioner asserted that "[d]efense counsel should have made the legal argument that some of the offenses were part of a continuous and uninterrupted course of conduct and that the charges need[ed] to be merged. Defense counsel should have contested the Court's findings that supported the imposition of consecutive terms." Respondent's Exhibit 106, p. 11.

During his PCR trial, petitioner similarly explained his claim as follows:

> I believe that the court had to find under ORS 137.123(5)(a) that each crime . . . from the offense of which the consecutive sentence is contemplated was not merely an incidental violation of a separate statutory position in the course of the commission of a more serious crime but rather was an indication of the defendant's willingness to commit more than one criminal offense. And that is not the case in my . . . position.

Respondent's Exhibit 129, p. 6.

It is evident from the record that petitioner's claim of ineffective assistance of counsel presented to the PCR trial court pertained to the specific circumstances surrounding the commission of his various crimes and whether those circumstances qualified for consecutive sentences ORS 137.123. None of petitioner's claims challenged the trial court's authority to impose consecutive sentences in the absence of a relevant admission or jury finding

5 - FINDINGS AND RECOMMENDATION

giving rise to such a sentence.  Accordingly, the court finds that petitioner failed to fairly present his claim to the PCR trial court, leaving it unpreserved for appellate review.  *See* ORAP 5.45(4)(a)(each assignment of error to the Oregon Court of Appeals must be preserved in the lower court).  Because petitioner may no longer fairly present the claim he argues in this proceeding to Oregon's state courts, it is procedurally defaulted.

Even if petitioner had not defaulted this claim, he would not be entitled to relief because a reasonable attorney would not have known to raise a Sixth Amendment objection under the applicable case law at that time.  The Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *Blakely v. Washington,* 542 U.S. 296 (2004), dealt with the Sixth Amendment rights of criminal defendants pertaining to statutory maximum terms, not to consecutive sentences.  It was not until October 11, 2007, that the Oregon Supreme Court, based on *Apprendi* and *Blakely*, held that the Sixth Amendment right to a jury trial entitles a criminal defendant in Oregon to a jury finding regarding the factual predicate for the imposition of consecutive sentences.  *State v. Ice*, 343 Or. 248, 170 P.3d 1049 (2007), *cert. granted*, 128 S. Ct. 1657 (2008).  *Strickland* does not guarantee an attorney who can predict what the law will be.  "*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms." *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004)

6 - FINDINGS AND RECOMMENDATION

(citing *Strickland*, 466 U.S. at 690). Because the Oregon Supreme Court decided *Ice* more than three years after the final Judgment was entered in petitioner's case, petitioner would not be entitled to habeas corpus relief on this claim even if it had been preserved for federal review.

## **RECOMMENDATION**

For the reasons set forth above, the Amended Petition for Writ of Habeas Corpus (docket #25) should be DENIED, and a judgment should be entered DISMISSING this case with prejudice.

## **SCHEDULING ORDER**

Objections to these Findings and Recommendation, if any, are due August 28, 2008. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 11th day of August, 2008.

/s/  Janice M. Stewart
    Janice M. Stewart
    United States Magistrate Judge